UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80106-CIV-MARRA

NATIONAL UNION FIRE
INSURANCE COMPANY,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Plaintiff National Union Fire Insurance Company's ("National Union") Rule 52 Motion to Amend this Court's February 26, 2008 Findings of Fact and Conclusions of Law and the Court's February 26, 2008 Final Judgment, or in the Alternative, Rule 59 Motion for a New Trial (DE 308). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    The Court presumes familiarity with its prior Orders. National Union moves this Court to reconsider its Findings of Fact and Conclusions of Law (DE 303) or, if the Court does not amend its Findings, National Union requests a new trial. In making this application, National Union asks the Court to reconsider its finding that Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") insurance policy does not provide indemnity coverage to LaSalle and Schmier. National Union contends that the Court's interpretation of the indemnity provisions in the Lease is inapplicable to LaSalle and Schmier, and points out that those entities were not

parties to the Lease.  Furthermore, National Union challenges the Court's interpretation of the Lease, contending Article X, Section 1 of the Lease makes clear that General Cinema was to indemnify Mission Bay for all claims that arose from incidents occurring inside General Cinema's theatres.   In response, Liberty Mutual contends that LaSalle and Schmier should not be afforded any greater rights under the Liberty Mutual policy than Mission Bay and notes that General Cinema never contracted to indemnify or provide any insurance coverage to either of those entities.  With respect to National Union's interpretation of the Lease, Liberty Mutual argues that it runs afoul of University Plaza Shopping Ctr. v. Stewart, 272 So. 2d 507 (Fla. 1973).

Rule 52(b) provides that a court may amend its findings, or make additional findings, on a party's motion filed no later than ten days after the entry of judgment.  This motion may be accompanied by a motion for a new trial under Rule 59.  Fed.R.Civ.P. 52.  "The purpose of [Rule 52] is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case." Hannover Ins. Co. v. Dolly Trans Freight, Inc., No. 6:05-cv-576-Orl-19DAB, 2007 WL 170788, at * 2 (M.D. Fla. Jan. 18, 2007) citing Roadmaster (USA) Corp. v. Calmodal Freight Sys., Inc., 153 Fed. Appx. 827, 829 (3d Cir. 2005); Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003).  Under Rule 59, after a nonjury trial, a court may grant a motion for a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed.R.Civ.P. 59. "Requests pursuant to Rule 52 and Rule 59(a) are to be granted sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the Court's attention,

but not considered." <u>Hannover</u>, 2007 WL 170788, at * 2.

After careful review of National Union's arguments, as well as the evidence presented in this case, the Court finds that no error was committed and that neither a new trial nor amendment of the Court's findings of fact and conclusions of law is required.  The Court will, however, discuss the points raised by National Union in the instant motion.

National Union challenges the Court's conclusion that LaSalle and Schmier were not entitled to full coverage of the type owed to the named insureds under the Liberty Mutual insurance policy issued to General Cinema.  Specifically, National Union contends that the Court's conclusion that the indemnity provision of the Lease did not impose upon General Cinema the obligation to indemnify Mission Bay for Mission Bay's negligence cannot be extended to deny coverage to LaSalle and Schmier, entities not party to the Lease.  According to National Union, as non-parties to the Lease, LaSalle and Schmier have additional insured rights, rights obtained by virtue of the certificate of insurance.  Hence, National Union contends there is no basis to exclude LaSalle and Schmier from coverage under Liberty Mutual's policy.

The Court previously considered and rejected this argument.  As the Court previously found, under the Blanket Additional Insured Amendment, Mission Bay was included as an insured under Liberty Mutual's policy because General Cinema "agreed in writing [<u>i.e.</u>, the lease] to provide liability insurance" to Mission Bay.  However, that provision "applies only to coverage and limits of insurance required by the written agreement."  The "written agreement" (the lease) only required coverage for General Cinema's negligence, not coverage for Mission Bay's own negligence.

While the Court found that the certificate of insurance provided "additional insured"

status to LaSalle and Schmier, it did not and could not provide them with coverage in excess of what was provided to the primary insured, Mission Bay. This conclusion is not only supported by the limiting language of the certificate of insurance (i.e., the certificate does not amend, extend or alter coverage afforded by the policy), but also by common sense. LaSalle and Schmier, who were only listed as additional insureds on the certificate of insurance because of their relationship to Mission Bay, could not reasonably have expected to obtain more insurance coverage than Mission Bay was receiving pursuant to its lease with General Cinema. All LaSalle and Schmier could reasonably have expected was to receive the same coverage that General Cinema was providing to Mission Bay. Hence, the Court held that neither LaSalle, Schmier (or Mission Bay for that matter) reasonably relied upon the certificate of insurance to provide coverage in excess of what General Cinema was obligated to obtain under the Lease. As a result, LaSalle and Schmier were entitled to no more under the Liberty Mutual policy than Mission Bay. Therefore, there is no reason to alter or amend the judgment on this basis.

Likewise, the Court rejects National Union's request that the Court reconsider its conclusion that the Lease did not impose upon General Cinema the obligation to indemnify Mission Bay for Mission Bay's own negligence. The following is the provision of the Lease at issue:

> Tenant [General Cinema] agrees to indemnify and save harmless Landlord [Mission Bay] from and against all claims of whatever nature arising from the use or occupancy of the demised premises or the operation of Tenant's business or from any act, omission or negligence of Tenant, or Tenant's contractors, licensees, agents, servants or employees, or arising from any accident, injury or damage whatsoever caused to any person, or to the property of any person, occurring during the term hereof in or about Tenant's theatre building on the demised premises; or arising from any accident, injury, or damage occurring outside of the theatre building on the demised premises but within the Shopping Center Development of which the demised premises are a part, where such accident or damage or injury results

> from an act or omission on the part of Tenant or Tenant's agents or employees. This indemnity and hold harmless agreement shall include indemnity against all costs, expenses and liabilities incurred in or in connection with any such claim or proceeding brought thereon, and the defense thereof. (Lease Agreement between Mission Bay and General Cinema Corp., Am. Joint Trial Ex. 8.)

According to National Union, the Court erroneously applied the language "where such accident or damage or injury results from an act or omission on the part of Tenant or Tenant's agents or employees" to the entirety of Section I, thereby concluding that Mission Bay can only be indemnified for claims arising out of General Cinema's negligence. Instead, National Union argues that this clause exclusively applies to the language "occurring outside the theatre." Under that interpretation, with respect to an incident that occurred outside the theatre building, General Cinema would indemnify Mission Bay, but only if the incident arose from General Cinema's act or omission.

Even assuming <u>arguendo</u> the language "where such accident or damage or injury results from an act or omission on the part of Tenant or Tenant's agents or employees" did not apply to other portions of Section I, the Lease would still require that General Cinema indemnify Mission Bay "from and against all claims of whatever nature arising from the use or occupancy of the demised premises or the operation of [General Cinema]" regardless of General Cinema's fault. Thus, even under National Union's interpretation, the relevant inquiry rests on the language "from and against all claims."

However, as discussed in the Court's prior Order, the language "from and against all claims" does not pass muster under <u>University Plaza Shopping Ctr. v. Stewart</u>. Indeed, <u>University Plaza</u> addressed a similar indemnity provision in the tenant-indemnitor/landlord-

5

indemnitee context. That indemnification language stated that the tenant would provide indemnification to "any and all claims for damages" relating to personal injury "in and about the demised premises." Id. at 508-09. The Florida Supreme Court held that this broad language did not "disclose an intention to indemnify for consequences arising solely from the negligence of the [landlord] indemnitee." Id. at 511. Therefore, when construing indemnity provisions such as the one before this Court, courts must look to see that the intention to hold the indemnitor liable for the indemnitee's negligent acts is "expressed in clear and unequivocal terms." Id. at 509. Here, the language in the Lease is nearly identical to the language rejected by the Florida Supreme Court in University Plaza. Thus, the Court did not err in concluding that the language "from and against all claims" failed to place the burden of indemnification for Mission Bay's own negligence on General Cinema. Finally, the Court has considered the remaining arguments raised by National Union and rejects them in their entirety.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Rule 52 Motion to Amend this Court's February 26, 2008 Findings of Fact and Conclusions of Law and the Court's February 26, 2008 Final Judgment, or in the Alternative, Rule 59 Motion for a New Trial (DE 308) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of August 2008.

                                                KENNETH A. MARRA
                                                United States District Judge